# Harrah Estate

Before Sinkler, P. J., Klein, Bolger, Ladner and Hunter, JJ. The facts appear from the adjudication of:

76

*Philip A. Bregy*, for exceptants.

*Richard E. McDevitt*, for trustee ad litem.

LADNER, J., March 4, 1949.—The exceptions filed raise the single question whether the learned auditing judge erred in ruling that testator's gifts in remainder to the heirs and next of kin of Julius P. Harrah fail because of the rule against perpetuities.

Despite the able argument of the learned counsel for exceptant, we all agree with the auditing judge's conclusion, whose careful, well-considered adjudication, supported by the controlling authorities he cites, makes it unnecessary for us to repeat what was there said. We share in his regrets that the application of the rule in this case results in an award to *testator's* next of kin rather than to those of the deceased *grandchild*.

The change of public policy evinced by the Estates Act of April 24, 1947, P. L. 100, sec. 4, wherein the rule of remoteness must now be measured by actual rather than possible events, so far as instruments becoming effective after January 1, 1948, are concerned, makes our decision the more regrettable, but only the Supreme Court can overrule the former decisions which control us, and so bring about a desirable uniformity of construction that could be applied to all instruments, whether effective prior to or after January 1, 1948. The exceptions must be dismissed and the adjudication is now confirmed absolutely.